IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 08-1375-WEB |
| FARM BUREAU MUTUAL INSURANCE COMPANY, BRADLEY L. RUCKER, BRUCE Q. MILLER, KATHY MILLER, LORI FROST, WILLIAM FROST, DANNY WRIGHT, JANET WRIGHT, JOHN ORDONIO, NATASHA ORDONIO AND MELLISSA SIMPSON, | ) ) ) ) ) ) ) ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

Before the court is State Farm's objections to Rucker's final witness and exhibit list (Dco. 84), State Farm's Motion in Limine (Doc. 79), and Farm Bureau's objections to Rucker's final witness and exhibit list (Doc. 86). Farm Bureau also joins in State Farm's Motion in Limine (Doc. 82).

I. Objections to Witnesses and Exhibits

State Farm and Farm Bureau filed numerous objections to Rucker's witness and exhibit list. At the start of the hearing, the parties informed the court that they had discussed the objections, and had exchanged a list of witnesses and exhibits. The parties stated they were in agreement as to the witnesses and exhibits that would be presented at trial, and the objections were withdrawn. Therefore the Court found this issue moot.

II. Motion in Limine

State Farm filed a Motion in Limine, in which Farm Bureau joins, requesting the

following:

    1. An order preventing Bradley Rucker from speculating about whether he had permission to drive Brittany Small's vehicle in light of the fact that Mr. Rucker admits that he has no memory or personal knowledge concerning such permission.

    2. An order preventing Bradley Rucker's after-the-fact witnesses from giving speculative and hearsay testimony.

    3. An order preventing Bradley Rucker's after-the-fact witnessess from giving irrelevant testimony concerning what they told State Farm or Farm Bureau.

The Court finds that Rule 602 of the Federal Rules of Evidence states that "a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." The knowledge need not be positive or rise to a level of absolute certainty. U.S. v. Sinclair, 109 F.3d 1527, 1536 (10th Cir. 1997). Evidence is inadmissible if the trial court finds that the witness could not have actually perceived or observed the events to which he testifies. Id.

Speculation, without personal knowledge, may not be introduced at trial. Rucker will not be allowed to speculate that he acted in a certain manner. This ruling extends to any witness that testifies at the trial. Rucker will be allowed to testify to anything to which he has personal knowledge, or any memories or recollections. Also, the Court will not allow Rucker to attempt to introduce character evidence to show his action are in conformity with a character trait, or to prove his character. Rule 404(b) does not allow the evidence of other acts to prove the character of a person in order to show action in conformity therewith. Unit Drilling Co. v. Enron Oil & Gas Co., 108 F.3d 1186, 1194

(10th Cir. 1997).

The Court finds that statements of the witness to State Farm and Farm Bureau during the investigation is not relevant. The witnesses will be allowed to testify to what they saw and what they know. However, this ruling may be reconsidered for other evidentiary purposes, such as impeachment.

State Farm and Farm Bureau's Motion in Limine is granted.

III. Conclusion

IT IS THEREFORE ORDERED that the witness and exhibit objections are moot.

IT IS FURTHER ORDERED that the Motion in Limine filed by State Farm and Farm Bureau is GRANTED.

IT IS ALSO ORDERED, pursuant to a request for continuance, that the case will proceed to trial on August 31, 2010 at 9:00 AM.

IT IS SO ORDERED this 6th day of August, 2010.

  s/ Wesley E. Brown  
Judge Wesley E. Brown  
Senior United States District Court Judge